**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| SAKINA MENGLE<br>413 Beacon Hill Terrace<br>Gaithersburg, MD  20878,<br><br>Plaintiff,<br><br>v.<br><br>SHADY GROVE ADVENTIST HOSPITAL,<br>820 West Diamond Avenue, Suite 600<br>Gaithersburg, MD 20878,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>) |

**COMPLAINT**
(Race & National Origin Discrimination & Retaliation)

Pursuant to Federal Rule of Civil Procedure Rule 3, Plaintiff Sakina Mengle (hereafter "Plaintiff"), by her undersigned attorney, hereby files her complaint.

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction of this case under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f); the Montgomery County Code ("MCC") § 27-19(a); and under the Maryland Human Relations Law, MD. CODE ANN., State Government § 20-1013(a)(3).

2. In or around October 7, 2013, Plaintiff initiated administrative complaints of race and national origin discrimination as well as retaliation against Defendant Shady Grove Adventist Hospital (hereafter "Defendant") with the Equal Employment Opportunity Commission (EEOC) and Maryland Commission on Civil Rights (MCCR).

3. Because Plaintiff had started raising concerns about discriminatory treatment by

Defendant in July 2013, she was timely in initiating her administrative complaints.

4. Defendant was duly notified about Plaintiff's administrative complaints and was given an opportunity to respond to her allegations.

5. On or about December 3, 2014, the EEOC issued Plaintiff a Notice of Right-to-Sue.

6. Plaintiff may claim violations of the Montgomery County Human Rights Law since she is filing her suit within two years after the occurrences of the alleged discriminatory acts, in accordance with MD. CODE ANN., State Government § 20-1013(a)(3).

7. Plaintiff has therefore exhausted all available administrative remedies which may be conditions precedent to bringing this action.

## II. THE PARTIES

8. Plaintiff is a resident of Maryland and a former employee of Defendant.

9. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b), which employs more than 500 employees.

## III. FACTS CENTRAL TO PLAINTIFF'S CLAIMS

10. In or around July 2000, Plaintiff, an African American female, began working for Defendant as a Front Desk Patient Coordinator/Librarian in the Radiology Department.

11. Throughout her time working for Defendant, Plaintiff had an excellent work record and no disciplinary actions taken against her.

12. On July 31, 2013, Plaintiff filed an informal complaint with Alicia Linteni and Mike Calhoun, her first and second line supervisors respectfully, against another co-worker, Wilson Hackettt (White).

13. Plaintiff reported that for a period of time, Mr. Hackett had been harassing her by making continuous derogatory racial remarks about her race.

14. For example, on one occasion, Mr. Hackett stated, "a guy got stung on the lips by a bee and his lips swelled up, does that now mean, he has Nigger lips[?]"

15. Mr. Hackett also stated that Plaintiff, for a black woman, was very smart.

16. Plaintiff was highly disturbed and offended by Mr. Hackett's comments towards her.

17. On August 5, 2013, Ms. Linteni and Mr. Calhoun advised Plaintiff that after meeting with Human Resources, her concerns had been addressed and that Mr. Hackett will no longer use the word nigger again.

18. On August 8, 2013, Ms. Linteni, Mr. Calhoun, and Mary Cloutier-Keeler of Human Resources, advised me that the Library was being moved to the front desk area. As a result, my position was being eliminated effective September 6, 2013.

19. Upon information and belief, Defendant assigned Plaintiff's job duties to Nellie Abarca (Peruvian) and Jennifer Soringer (African), who both have less seniority and experience over Plaintiff.

20. Plaintiff believes that any reason Defendant gives for her termination is pretext to discriminate and retaliate against her due to her race, national origin, and prior protected activity.

21. As a result of Defendant's actions, Plaintiff has suffered loss of income, emotional distress, and pecuniary damages.

### IV. STATEMENT OF CLAIMS

#### Count I: Race Discrimination (Title VII)

22. Plaintiff adopts and incorporates by reference ¶¶ 1-21 above.

23. Defendant unlawfully discriminated against Plaintiff on the basis of her race.

24. Title VII makes it unlawful for an employer to discriminate in employment on the basis of race.

25. By creating a hostile work environment for Plaintiff on the basis of her race, as described above, Defendant discriminated against Plaintiff.

26. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

## Count II:  Race Discrimination
## (Montgomery County Human Rights Law)

27. Plaintiff adopts and incorporates by reference ¶¶ 1-26 above.

28. Defendant unlawfully discriminated against Plaintiff on the basis of her race.

29. The Montgomery County Human Rights Law makes it unlawful for an employer to discriminate in employment on the basis of race.

30. By creating a hostile work environment for Plaintiff on the basis of her race, as described above, Defendant discriminated against Plaintiff.

31. As a result of Defendant's violations of the Montgomery County Human Rights Law, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

## Count III:  National Origin Discrimination (Title VII)

32. Plaintiff adopts and incorporates by reference ¶¶ 1-31 above.

33. Defendant unlawfully discriminated against Plaintiff on the basis of her national origin.

34. Title VII makes it unlawful for an employer to discriminate in employment on the basis of national origin.

35. By creating a hostile work environment for Plaintiff on the basis of her national origin, as described above, Defendant discriminated against Plaintiff.

36. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count IV:  National Origin Discrimination
### (Montgomery County Human Rights Law)

37. Plaintiff adopts and incorporates by reference ¶¶ 1-36 above.

38. Defendant unlawfully discriminated against Plaintiff on the basis of her national origin.

39. The Montgomery County Human Rights Law makes it unlawful for an employer to discriminate in employment on the basis of national origin.

40. By creating a hostile work environment for Plaintiff on the basis of her national origin, as described above, Defendant discriminated against Plaintiff.

41. As a result of Defendant's violations of the Montgomery County Human Rights Law, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count V:  Race & National Origin Retaliation (Title VII)

42. Plaintiff adopts and incorporates by reference ¶¶ 1-41 above.

43. Defendant retaliated against Plaintiff when she complained of derogatory treatment towards her by another employee by eliminating her position and giving her job duties to less experienced employees of a different race and national origin.

44. As a result of Defendant's violations of the Title VII retaliation clauses, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count VI:  Race & National Origin Retaliation
### (Montgomery County Human Rights Law)

45. Plaintiff adopts and incorporates by reference ¶¶ 1-44 above.

46. Defendant retaliated against Plaintiff when she complained of derogatory treatment towards her by another employee by eliminating her position and giving her job duties to less experienced employees of a different race and national origin.

47. As a result of Defendant's violations of the Montgomery County Human Rights Law retaliation clauses, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### V.  REMEDIES SOUGHT

48.  WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment granting her the following relief from Defendant:

   a. A declaratory judgment that Defendant discriminated against Plaintiff, as alleged herein;

   b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

   c. Compensatory and punitive damages in the amount of $300,000, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

   d. Damages for humiliation and embarrassment suffered as a result of Defendant's violations of the Montgomery County Human Rights Law, MCC § 27-19;

   e. Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

f.  Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k), and 12117, and MD. CODE ANN., State Government § 20-1202(d); and

g.  Such other and further relief as to the Court seems just and warranted.

## VI. JURY TRIAL DEMAND

49.  Plaintiff requests a jury trial on all issues of fact and damages arising herein.

Respectfully submitted,

*Edgar Ndjatou*

_____
EDGAR NDJATOU
Federal Bar No. 18107
McCree Ndjatou, PLLC
P.O. Box 65402
Washington, D.C. 20035
T:  (202) 618-7092
F:  (202) 370-7173
endjatou@mnlawyerspllc.com
Attorney for Plaintiff